# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3919

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Carlos Sanchez, Sr., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 14, 2007
Filed: June 5, 2007

_____

Before MURPHY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Carlos Sanchez, Sr. was convicted by a jury of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, delivery of cocaine in violation of 21 U.S.C. § 841, and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The district court[1] sentenced him to 211 months imprisonment. Sanchez appeals, arguing that there was insufficient evidence to support the convictions and that the court erred by denying his motion for judgment of acquittal. We affirm.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Chris Dickey, a known distributor of cocaine, agreed to assist investigating officers in Omaha, Nebraska in an ongoing drug investigation. While wearing a wire, Dickey attended a meeting on June 4, 2005 with Sanchez, who had been supplying him with cocaine. Dickey told Sanchez he wanted some cocaine for one of his customers, Kirk Smith. Sanchez agreed to get him nine ounces, and Dickey went to Sanchez's workplace on June 7 and then to his home to pick up the drugs. At Sanchez's residence a coconspirator gave Dickey twelve ounces of cocaine which he then turned over to the officers. Dickey then went to meet Smith who was put under arrest.

Two days later officers obtained and executed search warrants for Sanchez's home and business. At the business location they found a nine millimeter Makarov pistol, two magazines, a gun holster, and an empty bottle of Inositol, a cutting agent. Officers also found a piece of paper with various numbers and another with "FBI or DEA" written on it. Officers searching Sanchez's home found a Glock 17c nine millimeter handgun, a magazine for that gun, a shoulder holster, and a food saver vacuum sealer.

Sanchez was indicted for conspiracy to distribute cocaine, delivery of the cocaine on June 7, and possession of a firearm in furtherance of a drug trafficking offense. At trial numerous members of the distribution ring testified about Sanchez's involvement. Dickey testified that he began selling cocaine for Sanchez in April 2003, that Sanchez had introduced him to five or six new customers, and that he had purchased between five and fifteen kilograms of cocaine from Sanchez over the course of their dealings. Jon Wyzykowski testified that he received anywhere from one to five ounces of cocaine a week from Sanchez and that Sanchez had also introduced him to additional customers.

Members of the conspiracy also testified about Sanchez's possession of firearms. Eric Everroad testified that he rode with Sanchez in the latter's automobile

at a time when Everroad owed Sanchez $2,500. With a silver nine millimeter gun visible on his floorboard, Sanchez warned Everroad he better pay or "we will have some problems." Dickey reported that he sold the Glock 17c found in Sanchez's home as payment for a drug debt and that he later saw Sanchez wear the gun in a shoulder holster. Wyzykowski told the jury that he had purchased a nine millimeter Glock and two magazines from Sanchez but later gave them back in exchange for cocaine and that he remembered having seen the Glock in Sanchez's closet next to drugs. Wyzykowski also testified that he had once given Sanchez a Makarov nine millimeter handgun.

At the close of the government's case Sanchez moved for a judgment of acquittal; the court denied the motion and submitted the case to the jury. The jury found Sanchez guilty on all three counts. The district court sentenced him to 151 months imprisonment on each of the first two counts to be served concurrently and 60 months consecutive on the firearm count. Sanchez appeals, arguing that the evidence was not sufficient to permit the jury to find him guilty beyond a reasonable doubt and that the government did not prove its case because the only witnesses connecting him to the alleged crimes were motivated by plea bargains and deals with the government and because the government failed to show a connection between the guns and the drug charges.

We review de novo the denial of a motion for judgment of acquittal. United States v. Peters, 462 F.3d 953, 957 (8th Cir. 2006). We take the evidence in the light most favorable to the jury's verdict and draw all reasonable inferences in the government's favor, upholding the conviction so long as "there is an interpretation of the evidence that would allow a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt." Id. (internal citation omitted).

The evidence introduced at trial was that Sanchez supplied cocaine to numerous distributors in Omaha, that he introduced distributors and purchasers to one another

to facilitate further illegal drug sales, and that he had delivered cocaine to Dickey on June 7. Sanchez's attack on that evidence is "little more than an invitation to determine the credibility of witnesses," a task that is "for the jury to perform." United States v. McNeil, 184 F.3d 770, 778 (8th Cir. 1999). We conclude that the evidence presented by the government was sufficient to support the verdicts on the drug charges. See United States v. Magine, 302 F.3d 819, 822-23 (8th Cir. 2002).

Sanchez also argues that the evidence does not support the jury's guilty verdict for possessing a firearm in furtherance of the drug trafficking crime charged in Count I and/or II. To obtain a conviction under § 924(c)(1)(A), the government must show a "nexus between the defendant's possession of the charged firearm and the drug crime, such that this possession had the effect of furthering, advancing or helping forward the drug crime." United States v. Sanchez-Garcia, 461 F.3d 939, 946 (8th Cir. 2006) (internal quotation omitted). At trial, the government introduced evidence that Sanchez carried a gun with him in a holster while participating in drug deals, see Bailey v. United States, 516 U.S. 137, 146 (1995), and that he threatened a customer with a firearm visible at his feet. The evidence was sufficient to support Sanchez's conviction of this offense.

Accordingly, we affirm the judgment of the district court.

_____